UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROBERTO B.Q.,                                        Case No. 26-CV-2656 (PJS/SGE)

                          Petitioner,

v.                                                   ORDER

TODD LYONS, in his capacity as Acting
Director, Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary, U.S. Department of Homeland
Security; TODD BLANCHE, Acting U.S.
Attorney General; EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW, and
DAVID EASTERWOOD, Field Office
Director of St. Paul Field Office for U.S.
Department of Homeland Security,
United States Immigration and Customs
Enforcement, Enforcement and Removal
Operations,

                          Respondents.

Samantha Paige Matsch, ANDERSON & ANDERSON LAW LLC, for petitioner.

Joshua Sweeney and David W. Fuller, UNITED STATES ATTORNEY'S
OFFICE, for respondents.

This matter is before the Court on petitioner Roberto B.Q.'s petition for a writ of

habeas corpus.[1]  Roberto, a citizen of Ecuador, unlawfully entered the United States in

November 2023.  V. Pet. at 4 ¶ 1, 10 ¶ 1.  Upon entry, Roberto was apprehended and

---

[1]Pursuant to this District's policy in immigration cases, the Court identifies
petitioner only by his first name and last initials.

then released on an order of recognizance. *Id.* Ex. B.  The Department of Homeland Security ("DHS") later issued a Notice to Appear initiating removal proceedings against Roberto. *Id.* Ex. A.  DHS also confirmed that Roberto had been released on his own recognizance "pending a final administrative determination in [his] case." *Id.* Ex. C.

The order of release on recognizance was issued "in accordance with section 236 of the Immigration and Nationality Act," which is codified at 8 U.S.C. § 1226(a). *Id.* Ex. B.  The order imposed several conditions on Roberto, including that he not commit any crimes. *Id.*  The order preemptively warns that noncompliance may result in revocation of release, arrest, and detention. *Id.*  The bottom section titled "Cancellation of Order" provides space for an immigration officer to cancel the order if Roberto either violates the conditions or has been "taken into custody for removal." *Id.*

Roberto has lived in Hilltop, Minnesota, with his wife and children since his unlawful entry. *Id.* at 10 ¶ 1.  In November 2024, Roberto applied for asylum. *Id.* Ex. D. That application remains pending. *Id.* at 11 ¶ 4.  Meanwhile, on May 31, 2024, Roberto was charged with misdemeanor domestic assault, and he later pleaded not guilty to that charge. *Id.* at 11 ¶ 5, Ex. F.  Roberto missed a court hearing related to the charge on September 16, 2024, and the court issued a bench warrant for his arrest. *Id.* at 11 ¶ 6, Ex. G.  On May 15, 2026, Roberto was arrested pursuant to that warrant and briefly

detained.  *Id*. at 11 ¶ 6.  Immigration and Customs Enforcement ("ICE") detained him as

he left the Anoka County Courthouse.  *Id.*

That same day, DHS issued an immigration detainer and a Form I-200 warrant

for Roberto, both reflecting that immigration officials had probable cause to believe that

Roberto was removable.  Sabin Decl. ¶¶ 11–12, ECF No. 6; *Id.* Exs. B, C.  The I-200 was

served on Roberto on May 16, 2026, and its contents were read to him in Spanish.  *Id.*

¶ 12, Ex. C.  Roberto remains detained at the Sherburne County Jail.  V. Pet. at 11 ¶ 7.

Roberto now seeks habeas relief in the form of release or a bond hearing, arguing

that his detention is unlawful under the governing statutes and regulations and under

the Fourth and Fifth Amendments.  *Id*. at 14–18.  For the following reasons, the Court

finds that Roberto's detention is unlawful and orders his release.

## I.  ANALYSIS

Roberto's order of release on recognizance granted him a "conditional parole"

from immigration custody pursuant to 8 U.S.C. § 1226(a)—in contrast to the

"humanitarian parole" available under 8 U.S.C. § 1225(b)(2)(A).  *Compare Aldana v.*

*Collins*, No. 26-CV-0335, 2026 WL 673827, at *3 (W.D. Tex. Mar. 9, 2026) ("Humanitarian

parole is the form of release available under the INA for an 'arriving' noncitizen who is

subject to mandatory detention under § 1225(b)(2)(A)." (citations omitted)), *with Sandhu*

*v. Mullin*, No. 26-CV-5009, 2026 WL 1146643, at *3–4 (D. Neb. April 28, 2026) (likening

an alien released on "conditional parole" under § 1226(a)(2)(B) to a criminal parolee).

Thus, § 1226, not § 1225(b)(2), governs Roberto's status "pending a final administrative

determination in [his] case."  V. Pet. Ex. C; *see Sandhu*, 2026 WL 114663, at \*4–5.[2]

Certain immigration officials have the authority to revoke the conditional parole

that Roberto was granted pursuant to 8 U.S.C. § 1226(a).  *See* 8 C.F.R. §§ 236.1(c)(9),

1236.1(c)(9); *see also* 8 U.S.C. § 1226(b) ("The Attorney General at any time may revoke a

bond or parole authorized under subsection (a), rearrest the alien under the original

warrant, and detain the alien.").  Respondents do not attempt to argue that even these

minimal requirements were met here.  This is unsurprising, as the cancellation section

of Roberto's order of release on recognizance is completely blank.  V. Pet. Ex. B; *see also*

*Sandhu*, 2026 WL 114663, at \*4 (noting that a blank cancellation section on an order of

---

[2]Respondents argue that "[a] prior discretionary release decision does not override Congress's mandatory detention command once DHS later detains an alien whose statutory status falls within § 1225(b)(2)(A)."  ECF No. 5 at 18.  The problem for the government is that it has consistently asserted that Roberto was detained—and then released—under § 1226(a), not § 1225(b)(2)(A).  "[A]n agency's action must be upheld, if at all, on the basis articulated by the agency itself."  *Hernandez-Torres v. Mullin*, No. 26-CV-0214, 2026 WL 1430705, at \*2 (D. Neb. May 21, 2026) (cleaned up) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)).  "Put simply, the Government is not allowed to change horses midstream.  It is stuck with the horse on which it rode into court"—here, § 1226.  *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at \*3 (D. Minn. Apr. 30, 2026); *see also Silva v. Warden*, No. 26-CV-0131, 2026 WL 926725, at \*1 (D. Neb. Apr. 6, 2026) ("Nothing in [*Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)] permits the government to effectively recategorize scores of immigrants who were conditionally paroled under § 1226(a)(2)(B).").

release on recognizance "suggests no officer . . . revoked [the petitioner's] conditional parole" (quotation omitted)).[3]  Thus, Roberto's order for release on his own recognizance remains in effect—and, because that order was not lawfully revoked, respondents had no authority to re-detain him.

As to remedy:  § 1226(a) entitles Roberto to a bond hearing.  *Silva*, 2026 WL 926725, at *2 (granting a similarly situated petitioner a bond hearing because the "liberty interest in [conditional] parole is protected by the process due under [§ 1226(a)] and corresponding regulations.").  But a bond hearing cannot cure the fact that Roberto is presently detained while "the order releasing him on his own recognizance remains operative."  *Hernandez-Torres*, 2026 WL 1430705, at *2; *see also Munaf v. Green*, 553 U.S. 674, 693 (2008) (describing release as the "typical remedy" for unlawful executive detention).  If and when an immigration official *lawfully* revokes Roberto's conditional parole, Roberto may be entitled to a bond hearing.  For now, though, he is entitled to release.

For these reasons, the Court orders that Roberto be released within 48 hours of the entry of this order, subject to the conditions of his order of release on recognizance.

---

[3]Roberto's release is conditioned on his not committing any crimes.  Although Roberto has been cited for domestic assault, he has not been convicted, and a citation "is nothing more than an accusation."  *Sandhu*, 2026 WL 114663, at *4.  Moreover, "there is no evidence that ICE actually relied on the citation to revoke [Roberto's] conditional parole."  *Id.* at *5.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.    Petitioner's petition for a writ of habeas corpus [ECF No. 1] is GRANTED

       IN PART.

2.    Respondents must release petitioner within 48 hours of entry of this order,

       subject to the conditions of the prior administrative order releasing

       petitioner on his own recognizance.

3.    The remainder of petitioner's petition is DENIED WITHOUT PREJUDICE.

       LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: June 10, 2026, at 9:00 am          /s/ Patrick J. Schiltz
                                          Patrick J. Schiltz, Chief Judge
                                          United States District Court